IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PETER KOSTYSHYN, | § | |
| | § | No. 160, 2015 |
| Petitioner Below, | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | in and for New Castle County |
| STATE OF DELAWARE, | § | C.A. No. N14C-10-174 |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: May 13, 2015
Decided: June 9, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 9th day of June 2015, upon consideration of the rule to show cause, the appellant's response, and the record below, it appears to the Court that:

(1)    The appellant, Peter Kostyshyn, filed a notice of appeal on March 31, 2015, purporting to appeal from an order of the Superior Court dated January 13, 2015. Because the Superior Court docket did not reflect an order dated January 13, 2015, the Senior Court Clerk wrote to Kostyshyn and directed him to file an amended notice of appeal identifying the order he sought to appeal. The Senior Court Clerk also directed Kostyshyn either to pay the Court's required filing fee or else file a motion to proceed *in forma*

*pauperis*. The Court provided Kostyshyn with an appropriate, blank *in forma pauperis* motion with instructions.

(2) On April 13, 2015, Kostyshyn filed an amended notice of appeal and a motion to proceed *in forma pauperis*. The motion did not comply with the Court's rules, among other reasons, because it was illegible, it omitted pertinent information including the estimated value of Kostyshyn's real estate and stock holdings, it failed to identify any prior litigation in which Kostyshyn was found by a Delaware court to have filed frivolous or malicious litigation, and it failed to include a notarized statement of his inmate account.

(3) On April 14, 2015, the Senior Court Clerk advised Kostyshyn that his motion did not conform to the Court's rules. He was given an additional two weeks to file an appropriate motion. He failed to comply. On April 30, 2015, the Chief Deputy Clerk issued a rule to show cause why the appeal should not be dismissed for Kostyshyn's failure to comply with the Court's prior directive.

(4) Kostyshyn filed a response to the notice to show cause on May 13, 2015. The response is difficult to understand. He appears to assert that he does not have access to all of the information that the Court requires. He

asks the Court to obtain the information on his behalf from the attorney who is representing him in an unrelated pending criminal matter.

(5) We find Kostyshyn's response unavailing. It is the responsibility of the litigant, not this Court, to supply the information necessary to make a determination of a litigant's status as a pauper. We note that Kostyshyn's current appeal is from a default judgment entered against him after he failed to file an answer to the State's complaint, which alleged that he had committed more than 1600 violations of the Delaware False Claims and Reporting Act[1] by falsely claiming to be a pauper. Attached to the State's complaint was Kostyshyn's 2013 bankruptcy petition reflecting that Kostyshyn had close to $2 million in assets.[2]

(6) Under the circumstances, we dismiss this appeal for Kostyshyn's failure to diligently prosecute the appeal by refusing to comply with the Court's April 14, 2015 directive. Moreover, as we previously held in a prior appeal, Kostyshyn "has far exceeded his 'three strikes'" under the *in forma pauperis* statute.[3] Kostyshyn has filed countless frivolous complaints, petitions, appeals, and writs in both the state and federal courts.

---

[1] 6 *Del. C.* ch. 12 (2013).

[2] The Bankruptcy Court dismissed his case on August 19, 2013, after it ordered Kostyshyn to pay the required filing fee in full and Kostyshyn failed to do so.

[3] 10 *Del. C.* § 8804(f) (2013).

He has lost the privilege to file *in forma pauperis*, except as allowed under Section 8804(f). Thus, in future, Kostyshyn may not file a civil appeal or writ in this Court without the accompanying filing fee, unless the Court deems the matter exempt under Section 8804(f), or else the matter will be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED that the appeal is DISMISSED.

BY THE COURT:

_____
Justice